FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/31/2023 3:59 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV0476

CAUSE NO._____

| | | |
|---|---|---|
| **BRANDON GREENE** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VERSUS** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **CRITICAL, LLC AND** | § | |
| **TAVION MENARD** | § | |
| *Defendant* | § | |
| | § | **58TH DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Brandon Greene hereinafter called Plaintiff, complaining of and about Critical, LLC and Tavion Menard, hereinafter called Defendants, and for cause of action would show unto the Court the following:

I.

### DISCOVER CONTROL PLAN LEVEL

1.1     Pursuant to TEX. R. CIV. PROC. 190 , it is anticipated that discovery will be conducted under Discovery Control Level III.

II.

### PARTIES

2.1     Plaintiff, Brandon Greene, is an individual of the full age of majority residing in Lake Charles, Calcasieu Parish, Louisiana.

2.2     Defendant, Critical, LLC, is a limited liability corporation domiciled in Miami, Miami-Dade County, Florida.

EXHIBIT

B

2.3     Defendant, Tavion Menard, is an individual of the full age of majority and resident of Abbeville, Henry County, Alabama.

III.

## JURISDICTION AND VENUE

3.1     The damages in this case, exclusive of interest and costs, are within the jurisdictional limits of this Court.

3.2     Venue is proper in Jefferson County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(2) because the accident made the basis of this litigation occurred in Jefferson County, Texas.

IV.

## FACTS

4.1     On May 13 2022, Defendant, Tavion Menard, was operating with permission a 2019 Ford F350 owned by Derric Theoc, towing a 40-foot flatbed trailer owned by Ricky-Neil Martin traveling West in the inside lane of Interstate Highway 10 in Jefferson County, Texas, when, suddenly and without warning,  Menard failed to control his speed and rear-ended the vehicle in front of him, causing an 8-vehicle crash, with one of those vehicles being a 2014 GMC Sierra owned and operated by Brandon Greene, who was also traveling West in the inside lane of Interstate Highway 10 and stopped in traffic, causing Plaintiff to be thrown violently about in his vehicle, thereby suffering serious injuries requiring medical attention.

4.2     At the time of the foregoing crash, and upon information and belief, Tavion Menard was in the course and scope of his employment with Critical, LLC.

V.

**PLAINTIFF'S CLAIM OF NEGLIGENCE**

5.1     Defendant, Tavion Menard, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances similar to those described herein.

5.2     Plaintiff's injuries were proximately caused by the negligence, careless and reckless disregard of said duty by Defendant, Tavion Menard.

5.3     The negligent, careless and reckless disregard of said duty of Defendant, Tavion Menard, consisted of, but is not limited to the following acts and omissions:

a)      In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

b)      In failing to avoid the collision made the basis of this suit;

c)      In driving carelessly and failing to pay attention under the circumstances;

d)      In failing to keep his vehicle under proper control;

e)      In otherwise operating said vehicle in an unsafe manner.

5.4     All of the above acts, wrongs and/or omissions amounted to negligence on the part of the Defendant, Tavion Menard, herein, and were proximate causes of the resulting injuries suffered to and by the Plaintiff herein.

5.5     At the time of the afore described incident, Tavion Menard, was acting within the course and scope of his employment with his employer, Critical, LLC, making them vicariously liable for the acts and/or omissions of its employee, Tavion Menard, under the doctrine of *respondeat superior.*

VI.

## EXEMPLARY DAMAGES

6.1    Defendant, Tavion Menard's acts and/or omissions described hereinabove, when viewed from the standpoint of Defendant, Tavion Menard's at the time of the above described acts and/or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant, Tavion Menard has actual, subjective awareness of the risks involved in the above described acts and/or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiff and others.

6.2    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant, Tavion Menard and his employer, Critical, LLC.

VII.

## DAMAGES FOR PLAINTIFF, BRANDON GREENE.

7.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Brandon Greene was caused to suffer severe injuries to his entire body; severe injuries to his left and right shoulders; neck pain; low back pain;  right knee pain; and severe nervous shock; and aggravation of any pre-existing condition, as well as contusions and soft tissue injuries, which damages are over $100,000.00 but not more than $200,000.00, including damages of any kind, and to incur the following damages:

a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Brandon Greene, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges at the time and place the services were performed;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)    Physical pain and suffering in the past;

d)    Physical pain and suffering in the future;

e)    Physical impairment in the past;

f)    Physical impairment which, in all reasonable probability, will be suffered in the future;

g)    Mental anguish in the past;

h)    Mental anguish in the future; and

i)    Property damages.

VIII.

**PRAYER**

THEREFORE, PREMISES CONSIDERED, Plaintiff, Brandon Greene respectfully pray that the Defendants, Critical, LLC , Tavion Menard, and Prime Property and Casualty Insurance Company be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practices and Remedies Code, together with pre-judgment interest (from the date of the injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

IX.

**REQUEST FOR DISCLOSURE**

Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

Respectfully submitted:

LEE HOFFOSS INJURY LAWYERS, LLC

J. LEE HOFFOSS, JR. (TX 24071602)
Post Office Box 1567
517 West College Street (70605)
Lake Charles, Louisiana 70602-1567
Telephone:    (337) 433-2053
Facsimile:    (337) 433-2055
Email:  lee@getlee.com
            laura@getlee.com